IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIUS SAUNDERS and RYAN SAUNDERS,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN WAREHOUSING SERVICES INC. and THE GILLETTE COMPANY,<br><br>Defendants. | No. 04 C 7455<br>Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Demetrius Saunders ("Demetrius") and his brother, Ryan Saunders ("Ryan" or collectively "Plaintiffs"), have filed a five-count complaint against Defendants pursuant to 42 U.S.C. 1981 and 42 U.S.C. Sec. 2000e ("Title VII"), alleging that they were victims of racial discrimination by their employers, American Warehousing Services, Inc. ("AWS" or "Defendant") and The Gillette Company ("Gillette") while working at their place of employment, a distribution warehouse. AWS has filed a motion to dismiss or strike certain allegations pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f) respectively.[1] More specifically, AWS claims that some of Ryan's claims are barred by res judicata and others are barred because they were not presented to the Equal Employment Opportunity Commission ("EEOC"). For the following reasons, the motion is granted in part and denied in part.

---

[1] Defendant Gillette has not joined in AWS' motions to dismiss or strike.

-1-

## Background

In its motion to dismiss, AWS argues that, in violation of Title VII's requirement, 42 U.S.C. Sec. 2000e-(5), Demetrius has improperly raised claims in his federal lawsuit that he did not raise in his complaint before the EEOC. In the instant action, Plaintiffs allege they were terminated in retaliation for complaints they lodged against their employer.

Prior to filing the original complaint in federal court, Plaintiffs properly exhausted their administrative remedies by filing a charge with the EEOC on October December 10, 2002, on August 27, 2004, the EEOC issued each plaintiff a right to sue letter. (*See* Def.'s Mot. Dismiss at 4-5.) The complaint was then filed within ninety days of notice as required by section 2000e-5(f)(1).

Defendant AWS has not attacked Count I, but is moving to dismiss Counts II and III that pertain to Demetrius' claims of alleged racial discrimination and retaliation. AWS also moves to dismiss Counts IV and V, which pertain to Ryan's previously dismissed claims of discrimination. Demetrius alleges that throughout his employment beginning in March 2000, and ending with his termination in October 2003, he was subjected to verbal abuse from his supervisors; racially abusive remarks and comments from others at the work place; and racist graffiti in the work place. (Def.'s Mot. Dismiss Ex. A, P. 17-18.) He also alleges that he complained to his supervisors about the graffiti and that those complaints, coupled with his filing of his EEOC complaint, resulted in his firing in violation of Title VII. (*Id.* at 19.) Finally, Demetrius claims that during the termination proceedings, Defendant treated him in a discriminatory manner, i.e., differently than the way whites are treated in similar proceedings. (*Id.* at 20.)

Ryan claims in Counts IV and V that he was subjected to a continuing series of incidents of racial harassment (*id.*), and that after he filed an initial complaint with the EEOC on January 3, 2002,

his supervisor filed unsubstantiated "write-ups" complaining of his performance. (*Id.* at 25.) Like his brother, he alleges that he was fired in retaliation for his complaints of racial discrimination. (*Id.* at 30-31.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984).

Rule 12(f) allows a court to strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). *Anderson v. Bd. of Educ.*, 169 F. Supp. 2d 864, 867 (N.D. Ill. 2001). In general, motions to strike are not favored and will only be granted if the language in the pleading bears no possible relation to the instant case and if the moving party is prejudiced. *Id.*

*Counts II and III*

AWS maintains that Demetrius' allegations that he was fired in retaliation for his complaint were not in his EEOC charge and, therefore, those claims must be dismissed. AWS properly cites 42 U.S.C. Sec. 2000e-(5) and a line of case law to buttress its position that Plaintiffs cannot bring before the Court allegations that were not contained in their EEOC charge. *Schnellbaecher v. Baskin*

*Clothing*, 887 F.2d 124, 128-129 (7th Cir. 1989); *Vela v. Vill. of Sauk Village*, 218 F3d 661, 664 (7th Cir. 2000); *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).

A plaintiff may file a Title VII complaint that encompasses only those allegations that fall within the ambit of the predicate EEOC charge. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). That is, the allegations contained in a Title VII suit must be reasonably related to the claims asserted in the underlying charge. *Sitar v. Ind. Dept. of Transp.*, 334 F.3d 720, 726 (7th Cir. 2003). These requirements afford the EEOC the opportunity to settle the dispute and give the defendant adequate notice of the charges lodged against it. *Id.* Thus, we turn, as we must, to Demetrius's EEOC charge which states:

> I had been employed by Respondent since March 10, 1998. While employed, I reported several incidents of racial graffiti to my Lead Manager, most recently in or about September 2002. On October 4, 2002, I was discharged by the Vice President. On October 14, 2002, I was reinstated and removed from my position as Lead Picker pursuant to a union agreement. On October 23, 2002, I was again discharged.
>
> I believe that I have been discriminated against because of my race, Black, and retaliated against for opposing racial discrimination and my association with a person engaged in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Def.'s Mot. Dismiss, Ex. G.)

In his EEOC complaint, Demetrius put check marks next to boxes that said "retaliation" and "race." (*Id.*) Nowhere in his EEOC complaint does Demetrius complain of verbal abuse from his supervisor, or of verbal abuse from co-workers.

Yet in Paragraph 16 of Count II of his complaint, he claims, "Plaintiff Demetrius Saunders's supervisor, a white male, was verbally abusive and disrespectful toward the Plaintiff and other African-American co-workers on a daily basis while white employees were treated more favorably."

(Pls.' Am. Compl., ¶16.) In Paragraph 17, he states that "While employed on the job with the Defendant, Plaintiff Demetrius Saunders was the victim of racially abusive remarks, jokes and comments." (*Id.* ¶ 17.) We agree with AWS's argument that these allegations were not contained in the EEOC charge and, therefore, we grant Defendant's motion to strike paragraph 16 and 17 of Count II of the complaint.

However, the question of whether Demetrius may properly plead allegations of discrimination in the termination proceeding is less clear. Demetrius did not complain in his EEOC complaint that he was the victim of a discriminatory grievance process. He did, however, allege that he ". . . discharged by the Vice President" was "reinstated and removed from my position as Lead Picker pursuant to union agreement," and, "on October 23, 2002, I was again discharged." (Def. Mot. Dismiss, Ex. G.) Demetrius also alleged in the EEOC charge that: "I believe that I have been discriminated against because of my race, Black, and retaliated against for opposing racial discrimination . . . ." *Id.* This language put Defendant on notice that Demetrius was claiming retaliatory discharge. Demetrius also alleged that he believed he was discharged because of his complaints of racial discrimination and because of his association with his brother, who had lodged similar complaints. (Def.'s Mot. Dismiss, Ex. G.) This language, too, put the Defendant on notice that Demetrius was claiming retaliatory discharge. As stated above, a plaintiff may file a Title VII complaint that encompasses only those allegations that fall within the ambit of the predicate EEOC charge. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985). Demetrius' complaint meets this test since the retaliation claim contended in it is reasonably clear from his filing.

*Counts IV and V*

In its motion to dismiss portions of Ryan's allegations, AWS argues that because Ryan previously filed a lawsuit in the Northern District, and because the complaint was dismissed as time barred, the doctrine of res judicata should limit his claims to a cover only the period from June 26, 2002, when Ryan received his first EEOC right to sue letter that formed the basis of his first lawsuit, until his termination on April 23, 2003.

Ryan complains of a "continuing series of incidents of racial discrimination." Defendant argues that Ryan's claims of discrimination are identical to claims he made previously and are, therefore, barred by the doctrine of res judicata. AWS contends that because the previous lawsuit alleging racial discrimination dating back to 1999 was dismissed, Ryan is barred from relitigating any claims of racial discrimination that predate the June 26, 2002 EEOC right to sue letter. According to Defendant, Ryan can only litigate claims arising from conduct which is alleged to have occurred between June 26, 2002 and May 9, 2003, when Ryan was discharged from AWS. We disagree.

It is well established that res judicata bars the relitigation of a claim that has been decided on the merits in a previous suit involving the same parties. *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir. 2001). In order for res judicata to apply, the case must "(1) have reached a final judgment on the merits; (2) involve the same parties or their privies as the current claims; and (3) constitute the same cause of action as the current claims." *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 635 (7th Cir. 2004). Here, Ryan Saunders's first lawsuit did not reach final judgment on the merits but rather was dismissed on procedural grounds.

While not binding on this district, the Court finds persuasive an opinion from the United States District Court for Kansas, *Paula K. Hladky v. UCB Films*, No. 00-4062-RDR, 2001 U.S. Dist. LEXIS 10118. (D. Kan. Feb. 6, 2001). In that case, the court held that certain claims made by a plaintiff in a second Title VII lawsuit were not barred by the doctrine of res judicata because her attempt to raise those very claims in her first lawsuit were rejected as time-barred. There, the court held: ". . . the denial of the motion to amend was not based on the merits, but rather on the procedural ground of untimeliness. Accordingly, plaintiff is not prevented from asserting any claims that arose after the filing of the complaint in the first action." *Id.* at 13.

The Court finds the reasoning above analogous to the facts at hand. Like the case above, Ryan's substantive discrimination claims were never decided. Rather, Judge Coar dismissed the lawsuit on the grounds that it was not filed within the requisite ninety-day period that the EEOC law mandates. Res judicata does not apply because the case was not disposed of on its merits. Therefore, Defendant's motion to limit Ryan's claims only to those incidents arising after he received his June 26, 2002 right to sue letter is denied.

Defendant's final assertion is that allegations regarding incidents of racial discrimination that occurred after Ryan Saunders was discharged on April 23, 2003, should not be entertained by this Court. Ryan has not alleged any discriminatory events occurred after April 23, 2003. In addition, in Ryan's response to Defendant's motion to dismiss, he states that he has no plans to do so. Therefore, so long as Plaintiff complies with his assertion that no allegations will be made concerning dates after April 23, 2003, Defendant's motion on this point is moot.

## Conclusion

For the reasons state above, AWS's motion to dismiss is granted in part and denied in part. AWS's motion to dismiss Demetrius Saunders's allegations regarding verbal abuse from his supervisors and co-workers is granted. AWS's motion to dismiss Demetrius Saunders's claims contained in paragraph 22 of Count II of the complaint regarding discrimination in the termination proceedings is denied. AWS's motion to restrict Ryan Saunders's complaint, pursuant to res judicata, to incidents that occurred only after June 26, 2002, is dismissed as moot.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

**DATED:** SEP 1 9 2005